IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JILLIAN TAIT, a minor, by and through JENNIFER R. TAIT, her parent and natural guardian, individually and on behalf of all other similarly situated individuals, | CIVIL DIVISION <br><br> No. |
| Plaintiffs, | **JURY TRIAL DEMANDED** |
| vs. | |
| BUTLER AREA SCHOOL DISTRICT and DALE R. LUMLEY Ph.D. | |
| Defendants. | |

**CLASS ACTION COMPLAINT**

AND NOW, comes the Representative Plaintiff, Jillian Tait, a Minor, by and through Jennifer R. Tait, her Parent and Natural Guardian, individually and on behalf of all other similarly situated individuals, by and through their counsel, Douglas J. Olcott, Esquire, Caitlin M. Harrington, Esquire, of the law firm of Dallas W. Hartman, P.C., and Brendan B. Lupetin, Esquire, and the law firm of Meyers Evans Lupetin & Unatin, LLC and allege and state the following in support of their claims against Defendant Butler Area School District and Dale R. Lumley, Ph.D.

**PRELIMINARY STATEMENT**

1. This is a class action brought by the Representative Plaintiffs, and other similarly situated individuals as a result of the failure of the Defendant District to warn and/or protect the Representative Plaintiff as well as all of the other similarly situated individuals and members of the class from water Defendant District knew was contaminated with toxic levels of lead.

2. Representative Plaintiff, Jillian Tait, is a minor and resident of the City of Butler, in Butler County, Pennsylvania.

3. Representative Plaintiff Jennifer R. Tait, is the parent and natural guardian of Jillian Tait, and is an adult resident of the City of Butler, in Butler County, Pennsylvania.

4. Defendant, Butler Area School District ("Defendant District"), is a public education entity incorporated, authorized and existing by virtue of the laws of the Commonwealth of Pennsylvania with a principal place of business located at 110 Campus Lane, Butler, Butler County, PA 16001 which entity at all times hereto functioned, under color of state law, as the executive administrative agency responsible for the orderly administration of the public schools within the Butler Area School District, including, but not limited to, Summit Elementary School.

5. At all relevant times hereto, Defendant District acted through its agents and employees, including but not limited to superintendent Dr. Dale Lumley and the Defendant District's Maintenance Director, and is vicariously liable for all conduct, acts, commissions and/or omissions occurring during the course and scope of said agents' and employees' agency or employment with the Defendant District School District.

6. Upon information and belief, Dale R. Lumley Ph.D. ("Defendant Lumley" and collectively "Defendants") is an adult individual and a citizen of the Commonwealth of Pennsylvania. At all relevant times Defendant Lumley was employed as the Superintendent of Schools of Defendant District having been so appointed by the Board of School Directors in 2014, who by virtue of his authority was responsible for, inter alia, overseeing the implementation and enforcement of all state and federal statutes, serving as the point person for

interactions with government agencies and ensuring the overall wellbeing of Defendant District's student body

## JURISDICTION

7. This court has jurisdiction of plaintiffs federal law claims pursuant to 28 U.S.C. §§1331 and 1343(a)(3), and jurisdiction over plaintiffs state law claims pursuant to principals of pendant and ancillary jurisdiction.

8. Venue is proper in this district pursuant to 28 U.S.C. §1391 because the cause of action upon which the complaint is based arose in Butler County, Pennsylvania, which is in the Western District of Pennsylvania.

## ALLEGATIONS OF FACT

9. Prior to the 2016/2017 school year, Defendant District conducted mandatory, routine tests on Summit Elementary School's water supply by an independent testing company.

10. Summit Elementary School's water supply is drawn from a well and proceeds through underground pipes to the school, all of which are located on Defendant District's property and are under Defendant District's care, custody, and/or control.

11. Shortly after August 15, 2016, the Defendants, received test results from the testing company, which indicated the presence of both lead and copper levels far in excess of acceptably safe water standards.

12. At all relevant times hereto, lead levels in drinking water in excess of 15 parts per billion are unacceptable and dangerous.

13. The aforesaid test results carried lead levels 200-300% higher than acceptable and safe standards, which demonstrated unequivocally that the drinking water at Summit Elementary

was adulterated and posed a direct danger to anyone who drank it, especially the school's students.

14. The Defendants in concert with the Defendant District's Maintenance Director made a conscious and intentional decision to neither warn the students of this dangerous condition nor take any appropriate steps to fix the dangerous condition so as to protect Representative Plaintiff and all other similarly situated students from the dangers related thereto.

15. The affirmative actions of the Defendants and the District's Maintenance Director created a dangerous environment, to-wit, a school full of poisonous drinking water that none of the students were aware of, for Representative Plaintiff and all other similarly situated students.

16. At all relevant times hereto, the Defendants knew that lead can cause serious health problems if too much enters the body from drinking contaminated water.

17. At all relevant times hereto, the Defendants knew that lead can cause damage to the brain and kidneys and can interfere with the production of red blood cells that carry oxygen to all parts of the body.

18. At all relevant times hereto, the Defendants knew or should have known the lead exposure poses that greatest risk of harm to children.

19. At all relevant times hereto, the Defendants knew or should have known that the central nervous system effects of lead on children are irreversible and thus inevitably cause *permanent* injury.[1]

20. At all relevant times hereto, the Defendants knew or should have known that scientists have linked the effects of lead on the brain to lowered IQs in children and a myriad of other serious medical conditions.[2]

---

[1] "Lead" Journal of Pediatrics, Bellinger D.C. 2004; https://www.ncbi.nlm.nih.gov/pubmed/15060194

21.     At all relevant times hereto, the Defendants knew or should have known that lead is stored in the bones and has been found to be released later in life.

22.     At all relevant times hereto, the Defendants knew or should have known that by drinking the water at Summit Elementary School which was contaminated with poisonous levels of lead and copper the students would be caused to suffer some and/or all of the harms averred herein.

23.     By law, the Defendants was required to implement an "Action Plan" in response to the aforesaid dangerous lead levels it knew existed in the Summit Elementary School's water supply.

24.     In fact, the Defendant District's maintenance manager, with oversight from Defendant Lumley, contacted the Pennsylvania Department of Environmental Protection (DEP) to review its obligations.

25.     Under the circumstances as herein described, the Defendants were required to warn of the dangerous conditions and immediately stop the use of all drinking water outlets within Summit Elementary until the source of the lead contamination was found and the lead levels were reduced to 15 parts per billion or less.

26.     Despite the aforesaid knowledge, the Defendants never told any of the affected class members, Representative Plaintiff and the students of Summit Elementary, that the drinking water within the school was known to contain dangerous levels of lead.

---

[2] "Lead, a systemic toxicant affecting virtually every organ system, primarily affects the central nervous system, particularly the developing brain. Consequently, children are at a greater risk than adults of suffering from the neurotoxic effects of lead. The ability of lead to pass through the blood-brain barrier is due in large part to its ability to substitute for calcium ions. Within the brain, lead-induced damage in the prefrontal cerebral cortex, hippocampus, and cerebellum can lead to a variety of neurological disorders, such as brain damage, mental retardation, behavioral problems, nerve damage, and possibly Alzheimer's disease, Parkinson's disease, and schizophrenia." "Neurotoxic Effects and Biomarkers of Lead Exposure: A Review" Rev Environ Health. 2009 Jan–Mar; 24(1): 15–45. Sanders T. et al.

27. At all relevant times hereto, the Defendants allowed and/or created a dangerous condition to exist on the property/premises of Summit Elementary School consisting of drinking water contaminated with toxic elements as described herein, which posed a direct threat to the health and wellbeing of anyone who drank it and in particular children.

28. At the aforementioned time and place and for some time prior thereto, the Defendants had notice and/or knowledge of the aforementioned dangerous condition, or, in the exercise of reasonable care, should have had notice and knowledge of the aforementioned dangerous condition.

29. At the aforementioned time and place and for some time prior thereto, the Defendants realized, or should have realized, that the dangerous condition posed an unreasonable risk of harm to invitees like Minor Plaintiff, Jillian Tait and all other similarly situated individuals.

30. At the aforementioned time and place and for some time prior thereto, the Defendants expected, or should have expected, that invitees, like Minor Plaintiff, would not discover or realize the danger, or would have failed to protect themselves against it.

31. At the aforementioned time and place, the Defendants failed to exercise reasonable care to protect invitees like Minor Plaintiff and all other similarly situated individuals against the danger and/or remediate the dangerous condition.

32. Between August 15, 2016 and January 20, 2017, Plaintiff and all other similarly situated individuals did drink and/or were caused to ingest the toxic water as described herein.

33. As a direct and proximate result of the foregoing, Plaintiff and all other similarly situated individuals were caused to sustain injuries and damages more specifically set forth hereafter.

34. At all times relevant hereto, the Defendants had a responsibility to maintain the Summit Elementary School in a condition free and clear of toxic water.

35. At all times relevant hereto, the Defendants had a responsibility to warn invitees like Plaintiff and all other similarly situated individuals that the drinking water within the school was contaminated with toxic levels of various elements as described herein.

36. In fact, the Defendants delayed notifying Representative Plaintiff and all other members of the class of the dangerous condition which lurked in the drinking water until it finally mailed a notification letter dated January 20, 2017. A true and correct copy of this letter is attached hereto as Exhibit "A".

37. Shockingly, despite its gross delay in alerting the Summit Elementary Students of the toxic water they had been unknowingly exposed to for the past several months, the Defendants chose not to offer any type of medical testing, monitoring and/or treatment for the children in order to determine the extent to which they may have been harmed and/or required medical treatment and/or therapy.

### REPRESENTATIVE PLAINTIFF WAS INJURED
### AS A RESULT OF DEFENDANT DISTRICT'S CONDUCT

38. On multiple occasions between August 15, 2016 and January 20, 2017, Representative Plaintiff, Jillian Tait, drank and/or ingested the toxic water described herein.

39. Resultantly, Representative Plaintiff did inadvertently and routinely consume dangerous levels of lead, which resultantly caused injury to Representative Plaintiff's body.

40. The Defendants did not notify Representative Plaintiff until on or about January 20, 2017 about her exposure to toxic levels of lead as a result of drinking that aforesaid toxic water over the course of the prior five (5) months (if not longer).

41. On or about January 20, 2017, Representative Plaintiff's mother received a letter from the Defendants advising her of the problem and Minor Plaintiff's exposure thereto.

42. Representative Plaintiff has subsequently undergone medical evaluation(s) and/or treatment(s) for her exposure to the toxic water and will require additional medical care and/or treatment(s) in the future.

43. Representative Plaintiff has been caused extreme mental and emotional anguish and distress, causing severe depression, nightmares, stress, and/or anxiety, some or all of which have or may require psychological treatment.

## CLASS ACTION ALLEGATIONS

44. This action is brought as a class action pursuant to Pennsylvania Rule of Civil Procedure 1702 on behalf of all persons, as reflected in the Defendants' records, who, between August 15, 2016 and January 20, 2017 ingested and/or were exposed to the toxic water contained in Summit Elementary School's water system.

## Pa.R.Civ.P. 1702, 1708 and 1709 Prerequisites

*Numerosity*

45. The proposed Class is so numerous that it is impracticable to bring all persons and entities that comprise it before the Court. The exact number of the members of the Class is unknown, but it is believed to include well over 200 persons. The exact number and identity of these persons can be determined from the records maintained by Defendant District. In many instances, Class Members are either unaware that claims exist or have sustained individual damages too small to justify the costs of bringing suit separately. When aggregated, however, individual damages are large enough to justify this Class Action.

*Commonality*

46.  The questions of law and fact common to the claims of each Class Member overwhelmingly predominate over any question of law or fact affecting only individual members of the Class. Questions of law and fact common to the Class include, but are not necessarily limited to, the following:

   a. Whether Defendants were negligent in failing to warn and/or notify all persons who drank the water of Summit Elementary School between August 15, 2016 and January 20, 2017, about the toxic levels of lead in the school's drinking water subsequent to receipt of test results demonstrating as much on or around August 15, 2016?

   b. Whether Defendants were negligent in failing to protect the students of Summit Elementary School and all others who drank its water between August 15, 2016 and January 20, 2017, from the known dangerous condition on the property, to wit, toxic levels of lead in the school's drinking subsequent to August 15, 2016?

   c. Whether Defendants are negligent per se for violation of 25 Pa. Code §109.1104 "Public education and notification" for failing to provide proper notice of the dangerous condition within 30 days after the Defendants had learned of the tap monitoring results?

   d. Whether the Defendants were/are obligated to offer and provide medical monitoring and testing for all students affected by the toxic water so as to determine the extent of harm caused and need for further medical treatment?

   e. Whether Defendants violated the Representative Plaintiff's and all other similar situated students constitutional rights to bodily integrity guaranteed under the Due Process Clause of the Fourteenth Amendment of the United States Constitution and Article I, § 1 of the Constitution of the Commonwealth of Pennsylvania, and under 42 U.S.C. §§ 1983 and 1988?

*Typicality*

47.  The claims of Representative Plaintiff are typical of the claims of the Class because Representative Plaintiff and the other class members all drank and/or were exposed to the toxic water as a result of Defendants' negligence. Representative Plaintiff and the Class have

claims that arise from an identical factual background and identical legal theories as set forth in this Class Action Complaint.

48. As a result of the Defendants' conduct, Representative Plaintiff and all other similarly situated persons have sustained the same type of damages.

*Adequacy of Representation*

49. Representative Plaintiff will assure the adequate representation of all members of the Class. Plaintiff's claims are typical of the Class's claims. Plaintiff has no conflict with Class Members in the maintenance of this action, and Plaintiff's interest in this action is antagonistic to the Defendants' interests.

50. Plaintiff's interests are coincident with, and not antagonistic to, absent Class Members' interests because, by proving Plaintiff's individual claims it will necessarily prove Defendants' liability as to the Class's claims.

51. Plaintiff is also cognizant of and determined to faithfully discharge its fiduciary duties to the absent Class Members as Class Representative. Plaintiff will vigorously pursue the Class's claims. Plaintiff is aware that it cannot settle this Class Action without prior Court approval. Representative Plaintiff has and/or can acquire the financial resources to litigate this Class Action.

52. Undersigned counsel, particularly Brendan B. Lupetin of Meyers Evans Lupetin & Unatin, LLC, is experienced in litigating Class Actions and has handled many such actions in the state courts of Pennsylvania for and on behalf of other physical injured persons. Counsel is handling this Class Action on a contingent fee basis and will receive compensation for professional services rendered in this Class Action only as awarded by this Court.

*A Class Action Provides a Fair and Efficient Method of Litigation*

53. A class action provides a fair and efficient method of adjudicating this controversy. The common questions of law and fact outlined above predominate over any question(s) affecting individual Class Members only.

54. The substantive claims of Representative Plaintiff and the Class Members will require evidentiary proof of the same kind and application of the same law since Defendants' have treated all Class Members in a similar and/or identical manner.

55. The prosecution of separate actions by or against Class Members would create the risk of inconsistent or varying adjudications with respect to individual Class Members and would, as a practical matter, impair or impede the ability of Class Members to protect their interests.

56. To Representative Plaintiff's knowledge no other similar actions are pending against these Defendants in Pennsylvania.

57. This forum is appropriate for litigation of this Class Action because Representative Plaintiff resides here and Defendants are domiciled here.

58. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The expense and burden of individual litigation effectively makes it impossible for individual Class Members to seek redress for the wrongs complained of herein.

59. There are no known unusual legal or factual issues that would cause management problems not normally and routinely handled in class actions. Because Class Members may be unaware that their rights have been violated or, if aware, would be unable to litigate their claims

on an individual basis because of their relatively small damages, a class action is the only practical proceeding available.

## **COUNT ONE**

## **NEGLIGENCE**

60. Representative Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully set forth herein and further alleges as follows:

61. Each class member, including Representative Plaintiff, was exposed to toxic water, as described herein between August 15, 2016 and January 20, 2017 as a result of Defendants District's and/or Defendant Lumley's failure to warn and/or take proper steps to protect the students from ingesting and/or being exposed to said water.

62. In failing to warn and/or subjecting each class member to toxic water, the Defendants directly and/or through their employees, agents, and/or servants were negligent in some or all of the following particulars:

   a. In having and allowing to remain a dangerous condition on its property, to-wit, toxic drinking water which Defendants knew, or should have known, posed a danger to Minor Plaintiff and all other similarly situated class members;

   b. In creating the dangerous condition through improper maintenance procedures, including but not limited to improper installation of the plumbing and or filtration system within the Summit Elementary School's plumbing system, which Defendants knew, or should have known, posed a danger to Minor Plaintiff and all other similarly situated class members;

   c. In failing to timely and properly correct the dangerous condition which Defendants knew, or should have known, posed a danger to Minor Plaintiff and all other similarly situated class members;

   d. In maintaining the drinking water system within Summit Elementary School in a dangerous manner and/or failing to adequately maintain the water system in such a manner as to render it safe;

  e. In failing to exercise reasonable care to discover the dangerous condition;

  f. In failing to realize that the dangerous condition involved an unreasonable risk of harm to Minor Plaintiff and all other similarly situated class members;

  g. In not expecting and/or recognizing that Minor Plaintiff and all other similarly situated class members would fail to realize or discover the dangerous condition;

  h. In not expecting and/or recognizing that Minor Plaintiff and all other similarly situated class members would fail to protect themselves from the dangerous condition;

  i. In failing to realize that the danger was neither known or obvious to Minor Plaintiff and all other similarly situated class members;

  j. In failing to maintain its premises in such a fashion as to prevent Minor Plaintiff and all other similarly situated class members from being injured when Defendant District knew of the existence of the dangerous condition;

  k. In allowing dangerous levels of toxic elements to collect and remain on the premises;

  l. In failing to timely and properly warn Minor Plaintiff and all other similarly situated class members of the wet and/or slippery floors on the premises; and

  m. In failing to comply with 25 Pa. Code §109.1104 "Public education and notification" which required Defendants to provide Minor Plaintiff and all other similarly situated class members notice of the dangerous conditions within 30 days after Defendants had learned of the tap monitoring results, thus establishing the Defendants' as negligent per se.

63. As a direct and proximate result of the Defendants' negligence as set forth above, the class members, including the Representative Plaintiff, have suffered injury including but not limited to:

  a. Permanent injury to the central nervous system;

  b. Physical injury from the direct exposure to and/or ingestion of toxic water;

  c. Pain and suffering;

      d. Mental anguish and distress;

      e. Embarrassment and humiliation;

      f. Inconvenience;

      g. Loss of appetite;

      h. Loss of sleep due to nightmares, stress and/or anxiety;

      i. Deprivation of the enjoyment of life's ordinary pleasures;

      j. Expenditures of money for medical aid, surgery, hospitalization, physical therapy, medicines and the like, past, present and into the future.

WHEREFORE, Representative Plaintiff, on behalf of herself and all others similarly situated, claims all damages recoverable under the laws of the Commonwealth against Defendant District and Defendant Lumley in a sum which exceeds the compulsory arbitration limits of this County, plus costs and interest.

## COUNT TWO

## MEDICAL MONITORING

64. Representative Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully set forth herein and further alleges as follows:

65. As a result of the actions and/or omissions of Defendant District and/or Defendant Lumley, Representative Plaintiff and all other class members are at risk for developing various complications known to be directly caused by exposure to toxic levels of lead and/or copper, including but not limited to, physical and mental developmental delay, learning difficulties, irritability, loss of appetite, weight loss, sluggishness and fatigue, abdominal pain, vomiting, constipation, hearing loss, seizures, high blood pressure, joint and muscle pain, difficulties with memory or concentration, headache, and/or mood disorders.

66. To date, Defendants have not offered any type of medical monitoring or treatment to Representative Plaintiff and all other class members.

67. Such testing and monitoring is required to be provided by Defendants to ensure the proper diagnosis and treatment of all illnesses which Defendants' actions may have caused or may cause Representative Plaintiff and all other class members to develop in the future.

68. Representative Plaintiff believes that adequate testing requires, at a minimum, evaluation by a properly credentialed physician and/or medical team along with blood testing, all conducted at least twice a year for the next three (3) years or until a medical professional determines that said patient no longer needs such treatment.

WHEREFORE, Representative Plaintiff, on behalf of herself and all others similarly situated, claims all damages recoverable under the laws of the Commonwealth against Defendant District and Defendant Lumley in a sum which exceeds the compulsory arbitration limits of this County, plus costs and interest.

## COUNT THREE

## VIOLATION OF CONSTITUTIONAL RIGHT TO BODILY INTEGRITY

69. Representative Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully set forth herein and further alleges as follows:

70. Representative Plaintiff was a member of a discrete class of persons, students at Summit Elementary School, subjected to the potential and actual harm attendant to drinking toxic water, which was brought about by the actions of Defendant District and/or Defendant Lumley.

71.     At all times relevant hereto, the Defendants either in or at their supervision, direction, approval, acceptance, and ratification of, acted in their official capacity under the color of state law and in regard to the safety of students within Summit Elementary School are responsible for custody, care, education, social services, and associated treatment of said students, as well as the implementation and enforcement of those actions necessary to warn and protect the students from water they knew was toxic and if imbibed would cause permanent injury to the students.

72.     The malicious actions of the Defendants were undertaken in bad faith, in deliberate indifference to, and in callous disregard of Representative Plaintiff's and all other similar situated students constitutional rights to bodily integrity guaranteed under the Due Process Clause of the Fourteenth Amendment of the United States Constitution and Article I, § 1 of the Constitution of the Commonwealth of Pennsylvania, and under 42 U.S.C. §§ 1983 and 1988, in that Defendant District and/or Defendant Lumley:

   a. Concealed from the students the August 2016 test results which demonstrated unequivocally that the drinking water within the Summit Elementary School contained toxic levels of lead and copper and was thus poisonous to the students who drank it;

   b. Conspired, in callous disregard for the safety of students within the Summit Elementary School, such as Representative Plaintiff, to cover-up the toxic condition of the water so as to prevent the student's from protecting themselves from drinking the poisonous water;

   c. Intentionally and/or recklessly veiled and failed to notify, apprise, and/or report the dangerous condition of the water to the students ever day for many months all the while knowledgeable of the danger it posed to Representative Plaintiff and the other children student's developing bodies and aware that the students were routinely and regularly drinking the water;

   d. Intentionally and/or recklessly failed to fix the problem and/or make any attempt to timely procure and install the treatment system(s) necessary to purify the poisonous water so as to render it safe for the students to drink;

e. Intentionally and/or recklessly allowed and fostered, in deliberate indifference to and callous disregard for students' constitutional rights to bodily integrity guaranteed under the Due Process Clause of the Fourteenth Amendment of the United States Constitution and under Article I of the Pennsylvania Constitution, the children students to drink the poisonous water when it knew of the grave bodily harm this would cause them;

f. Intentionally and/or recklessly failed to summon or timely summon medical services, provide reasonably appropriate and necessary medical treatment, or accurately document the injuries suffered by student victims, including Representative Plaintiff, caused by drinking poisonous water; and

g. Intentionally and/or recklessly, in deliberate and in callous disregard of the Constitutional Rights to Bodily Integrity of students at the Summit Elementary School, failed to notify any third parties of the fact that it was allowign its students to drink poisonous water or request assistance from any third parties in regard to the proper and safest way to respond to the known dangerous condition.

WHEREFORE, Representative Plaintiff, on behalf of herself and all others similarly situated, claims all damages recoverable under the laws of the Commonwealth against Defendant District and Defendant Lumley in a sum which exceeds the compulsory arbitration limits of this County, plus costs and interest.

## JURY TRIAL DEMAND

Representative Plaintiff demands on behalf of herself and all others similarly situated a trial by jury on all issues so triable.

Respectfully submitted,

DALLAS HARTMAN, P.C.

By: s/Douglas J. Olcott_____
Douglas J. Olcott, Esquire
PA I.D. # 204851

        dolcott@dallashartman.com
        Caitlin M. Harrington, Esquire
        PA I.D. #: 307254
        charrington@dallashartman.com

        Attorney for Plaintiffs


        MEYERS EVANS LUPETIN & UNATIN, LLC


By:    s/Brendan B. Lupetin
        Brendan B. Lupetin, Esquire
        PA I.D #201164

        The Gulf Tower, Suite 3200
        707 Grant Street
        Pittsburgh, PA 15219
        (412) 281-4100
        blupetin@meyersmedmal.com

        Attorneys for Plaintiffs